IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BLEU BLAZE DONAHUE,

           Plaintiff,

   v.

DARREN HOSCHOUER,

           Defendant.

Civ. No. 6:26-cv-00152-AP

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order. ECF No. 8. The case was referred to this Court by Judge Potter. ECF No. 9. For the reasons set forth below, the Motion is DENIED.

### LEGAL STANDARD

    "In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction." *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she

is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Plaintiff in this case seeks to enjoin Defendant from arresting him on a probation violation warrant. Plaintiff asserts that the warrant was sought in retaliation after his filing of a change of address in separate litigation. Am. Compl. 4. ECF No. 6. Subsequent filings show that the warrant has since been issued and Plaintiff is facing arrest and revocation proceedings for the violation. However, the exhibits submitted by Plaintiff in support of his Motion for Leave to File Amended Complaint, ECF No. 7, show that the reason for the warrant was that he failed to report to his probation officer as required and moved to Eugene without notice. ECF

No. 7-4. This directly contradicts Plaintiff's allegations and severely undermines any likelihood of success on the merits.

In addition, the principles of *Younger* abstention weigh against any injunctive relief.[1] *Younger* abstention is an exception to the obligation of federal courts to decide cases that fall within their jurisdiction "reflecting a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances," which is "based on a strong federal policy against federal-court interference with pending state judicial proceedings." *Yelp, Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (internal quotation marks and citations omitted).

On this record, the Court concludes that Plaintiff has not established that he is entitled to the extraordinary remedy of a TRO. His motion is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for TRO, ECF No. 8 is DENIED.

It is so ORDERED and DATED this ___13th___ day of February 2026.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).