IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BLEU BLAZE DONAHUE, | Case No. 6:26-cv-00152-AP |
| Plaintiff, | **FINDINGS &** |
| v. | **RECOMMENDATION** |
| DARREN HOSCHOUER, | |
| Defendant. | |

POTTER, United States Magistrate Judge:

    Before the Court is Plaintiff Bleu Blaze Donahue's Motion for Leave to File an Amended Complaint. ECF No. 7. This Court previously dismissed Plaintiff's complaint for failure to state a claim. January 28, 2026, Order, ECF No. 4. Plaintiff then amended his complaint to clarify that he was bringing a First Amendment retaliation claim. First Amended Complaint, ECF No. 6 (FAC). Plaintiff now seeks to amend his complaint to add additional parties. For the following reasons, Plaintiff's motion should be denied, and this case should be dismissed for failure to state a claim.

## BACKGROUND

    Plaintiff alleges that Defendant, probation officer Darren Hoschouer, retaliated against him by leaving a voicemail threatening to request a warrant for his arrest after Plaintiff filed a change of address in a separate litigation. FAC 4. In his proposed Second Amended Complaint, Plaintiff further alleges that proposed Defendant, Douglas County Circuit Court Judge Steve Hoddle, acted "in concert" with Defendant Hoschouer when Judge Hoddle issued a warrant for Plaintiff's arrest. Mot. Am. Compl. Ex. 1, at 4, ECF No. 7.

PAGE 1 – FINDINGS & RECOMMENDATION

In July 2025, Plaintiff filed suit against the State of Oregon and Douglas County in Oregon District Court. *See Donahue v. State of Oregon*, 1:25-cv-01174-AA. In September 2026, that case was dismissed with prejudice and without service on defendants. *See id.* at ECF No. 14. On January 12, 2026, Plaintiff filed a Notice of Change of Address in that case. *See id.* at ECF No. 23; FAC 4. The next day, Plaintiff received a voicemail from Defendant Hoschouer; he includes his transcription of that voicemail in his proposed Amended Complaint:

> Hi this is Darren Hoschouer calling for Bleu Donahue, Bleu you failed to report last week as directed, I had to get ahold of you today the mission has told me you left and moved to Eugene, I find that very concerning. If i dont hear from you ... actually if you dont report tomorrow i will be requesting a warrant for your arrest and then uhh we'lll be talking about revocation .. Uhhh i hope that you 're not choosing to do that and uhhh will be reporting so i expect to see you tomorrow uhmm you didnt report last week at nine o' clock on wednesday i"ll expect to see you tomorrow by nine, thank you bye.

Mot. Am. Compl. Ex. 3, at 2 (errors in original), ECF No. 7.

Plaintiff filed the instant case on January 23, 2026; Defendant was not served with a copy of the lawsuit. On January 27, 2026, Defendant Hoschouer submitted a request for a warrant for Plaintiff's arrest; the warrant was then issued by Judge Hoddle. Mot. Am. Compl. Ex. 1, at 4.

## STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2), which governs IFP complaints, this Court must review Plaintiff's amended complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Complaints filed by self-represented parties are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff still must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff

PAGE 2 – FINDINGS & RECOMMENDATION

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless it is "absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Plaintiff brings a claim of First Amendment Retaliation under § 1983. "'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)).

To bring a claim of First Amendment retaliation claim, Plaintiff must allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

Here, Plaintiff alleges that by filing suit in his previous litigation, he was engaged in the protected activity of petitioning the government for a redress of grievances. FAC 3. The Court assumes that threatening to request a warrant for arrest would chill a person from continuing to engage in protected activity. However, Plaintiff has failed to show any connection between the protected activity and Defendant's conduct.

Defendant's voicemail clearly shows that he was reaching out because Plaintiff had failed to report as required by his conditions of probation. Defendant also stated that if Plaintiff failed to report a second time, Defendant would request a warrant for his arrest. When Plaintiff failed to

PAGE 3 – FINDINGS & RECOMMENDATION

report or contact Defendant, Defendant did submit the request for a warrant. Mot. Am. Compl. Ex. 1, at 4-5. Defendant's alleged retaliatory conduct was due to Plaintiff's failure to follow the conditions of probation, not because of his protected activity. Defendant's claim should therefore be dismissed for failure to state a claim.

Further, Plaintiff's Motion for Leave to Amend to add Judge Hoddle as a defendant should be denied because Judge Hoddle has judicial immunity.[1] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

Because "it is absolutely clear that no amendment can cure the defect," dismissal of Plaintiff's claims should be with prejudice and he should not be permitted to further amend his complaint or serve Defendants. *Lucas*, 66 F.3d at 248.

## RECOMMENDATION

Plaintiff's Motion for Leave to File an Amended Complaint should be denied. Plaintiff's claims should be dismissed with prejudice.

---

[1] The caption of Plaintiff's proposed amended complaint lists only Defendant Hoschouer and Judge Hoddle as defendants. However, in the Parties section, Plaintiff adds Douglas County Counsel Tiffany Podlesnik as a defendant. Mot. Am. Compl. Ex 1, at 1-2. To the extent that Plaintiff seeks to add Ms. Podlesnik as a defendant, that should also be denied. Not only does Plaintiff fail to allege any action that Ms. Podlesnik took, but she would also have prosecutorial immunity. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" (internal citation omitted)).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this <u>24th</u> day of February, 2026.

 /s/Amy E. Potter              
AMY E. POTTER
United States Magistrate Judge
